## TILLIE KYLE

*v.*

## WILLIAM KYLE.

Petitioner, within two years after she had been deserted by her husband, sued him in New York, where both resided, for divorce *a mensa et thoro*, on the ground of cruelty, and obtained a decree accordingly. She subsequently acquired a residence in New Jersey and sued him here for divorce *a vinculo matrimonii*, on the ground of desertion.—*Held,* she was not entitled to relief.

On final hearing on pleadings and proofs.

*Mr. Augustus H. Drury,* for the petitioner.

*Mr. William Kyle,* defendant, *pro se.*

PITNEY, V. C.

This is a petition for divorce, on the ground of desertion, which is alleged to have occurred on the 2d of July, 1880.

The defendant answered, denying the desertion, and setting up as a further defence that in May, 1881, when both parties were residents of the State of New York, the petitioner herein brought an action against him wherein judgment was prayed for a separation from bed and board and for support and maintenance; and that a decree of separation from bed and board, in favor of the plaintiff and against the defendant, was accordingly made; and that in July, 1881, the petitioner, for a consideration, executed, acknowledged and delivered to the defendant a release by which she forever released and discharged him " of and from all claim or claims which she now has against him for support, alimony, costs, counsel fees and disbursements" in that suit or in any other based upon the same grounds.

Afterwards, the defendant attempted to withdraw his answer, but the chancellor deemed the withdrawal insufficient and ordered the cause to stand for hearing.

At the hearing the desertion was sufficiently proven at the time charged, and also the residence of petitioner in this state for the necessary period.   But it also appeared that on the 16th day of May, 1881, less than a year after the desertion, the petitioner brought her suit in the court of common pleas, in the city and county of New York, against the defendant, charging him with cruel and inhuman treatment of her, specifying the acts. The defendant answered that suit, denying the allegations of cruelty.   The cause was referred to a referee, testimony was taken and the referee reported thereon, that the defendant had been guilty of such conduct toward the plaintiff as to render it unsafe and improper for her to cohabit with him, and, as a conclusion of law, that the plaintiff was entitled to a judgment of separation from bed and board from the defendant forever.   On that report the court made a decree in these words: "It is hereby adjudged and decreed that Tillie Kyle, the above-named plaintiff herein, have a judgment of separation from the bed and board of William Kyle, the above-named defendant herein, for the cruel and inhuman treatment of her, the said plaintiff, by said defendant."   And it also appeared that she signed and executed the release set out in the answer, but she swore that it was im-

posed upon her by her counsel, and that she was not aware that she had signed any such paper.

It thus appears that the defendant has been living separate from the petitioner all these years in pursuance of the decree of a court of competent jurisdiction.

There was no evidence given before me in this case of such cruelty on the part of the defendant as would bring the case within the rule adopted and acted upon in *McVickar* v. *McVickar, 1 Dick. Ch. Rep. 490,* and cases there cited.

The petitioner, at the time of the injury complained of, being a resident of the State of New York, availed herself there of such remedies as the laws of that state afforded her. Before the two years of statutory desertion had elapsed she procured a decree of a court of that state which made it absolutely unlawful for the defendant to mend his ways and return, or offer to return to live with her. And this is fatal to her case. For, granting that the defendant's conduct at and prior to 1880 (the time of the desertion) was such as to render it improper for her to live with him and to make him guilty of constructive desertion, still that constructive desertion did not ripen into a right to a divorce on her part until the statutory period of time had elapsed. Before that period had elapsed, she adopted a remedy which prevented it from ever elapsing.

For these reasons, I am of the opinion that the petitioner is not entitled to relief and that the petition must be dismissed.