Dunning v. Crane.

---

MAY DUNNING et al., complainants and appellants,

*v.*

AUGUSTUS CRANE, individually and as executor of Nathan Bolles, deceased, THE NEWARK CITY NATIONAL BANK, JOHN EBERHARD FABER et al., defendants and respondents.

[Filed December 19th, 1900.]

1. The act requiring written notice of the pendency of suit to be filed in order to constitute constructive notice (*Gen. Stat. p. 402 pl. 161*), applies only to *bona fide* purchasers and mortgagees.

2. Creditors under an attachment, who acquire their rights *pendente lite*, are chargeable with notice, although *lis pendens* was not filed.

3. The mortgagee in this case, who acquired his lien subsequent to the filing of the bill for the construction of the will of Nathan Bolles, is chargeable with notice, and is bound by the decree in that case, because he was a party to the bill, and a decree *pro confesso* was taken against him.

On appeal from a decree advised by Vice-Chancellor Pitney, whose opinion in *Newark City National Bank* v. *Crane,* reported in *15 Dick. Ch. Rep. 121,* controls this case.  See, also, *Crane* v. *Bolles, 4 Dick. Ch. Rep. 373.*

*Mr. John H. Meeker,* for the complainants.

*Mr. Joseph P. Osborne* and *Mr. William H. Osborne,* for the defendant bank.

*Mr. Charles A. Feick* and *Mr. William H. Francis,* for Faber.

*Mr. Joseph R. Woodruff,* for Crane.

The opinion of the court was delivered by

Van Syckel, J.

This bill is filed by the children of Thomas N. Bolles, deceased, to compel Crane, the surviving executor of Nathan Bolles, deceased, to pay them such sums of money as have become due to them since the death of said Thomas N. Bolles under the will of said Nathan Bolles.

On the 24th of April, 1889, the executors of Nathan Bolles, deceased, filed a bill in chancery for the construction of the will of the said testator.

To this bill Thomas N. Bolles and all other persons who, at the time of filing the bill, had any interest in the estate of said decedent, were made parties.

On May 17th, 1892, the chancellor made his decree construing said will, and holding that the fee of Nathan Bolles' real estate vested in his executors, and that Thomas N. Bolles took his share of the proceeds of sale of said lands by the executors only in the event that he should be living at the time of distribution.

After the bill was filed, on the 7th of October, 1889, the defendant Faber obtained from Thomas N. Bolles a mortgage upon his interest in said lands, and on the 15th day of the same month the Newark National Bank procured an attachment to

be issued against said Thomas N. Bolles, by virtue of which his interest in said lands was attached and judgment was entered therein for the claim of the bank.

On the 1st day of November, 1890, Crane, one of Nathan Bolles' executors, filed his bill in chancery to have the validity of the Faber mortgage determined, and to ascertain the order of priority between said mortgage and the claims of the creditors under said attachment, and for directions as to payment to them.

February 3d, 1892, a decree was rendered in said last-mentioned suit, declaring the Faber mortgage and the claims of creditors in attachment to be a lien on the interest of Thomas N. Bolles in said real estate, and directing how his interest in the proceeds thereof should be applied as between said creditors.

To this bill the only parties were Crane, executor of Nathan Bolles, as complainant, and Thomas N. Bolles, the said Faber, the said bank and other creditors who had come in and proved their claims under said attachment.

The decree in this case expressly declared that the liens upon the interest of said Thomas N. Bolles are "subject to the provisions of the last will of said Nathan Bolles."

At the time this decree was rendered the said Thomas N. Bolles was living.

This decree could not affect persons not made parties to it, and although the decree was made prior to the decree upon the bill filed by the executors of Nathan Bolles for the construction of his will, the bill was not filed until after the filing of the bill for the construction of the will.

The attaching creditors acquired their rights *pendente lite,* and are bound by the decree made in the first suit, although a *lis pendens* was not filed. The filing of a written notice of pendency of suit is necessary only in case of a *bona fide* purchaser or a mortgagee. *Gen. Stat. p. 402 pl. 161.*

"He who purchases during the pendency of the suit is bound by the decree that may be made against the person from whom he derives title; the litigating parties are exempted from the necessity of taking any notice of a title so acquired; as to them it is as if no such title existed." *McPherson* v. *Housel, 2 Beas. 300; Allen* v. *Morris, 5 Vr. 159; 1 Story Eq.* § *406.*

Faber, the mortgagee, was a party to the original suit for a construction of the will of Nathan Bolles, and a decree *pro confesso* was taken against him. Therefore he is chargeable with notice, although a *lis pendens* was not filed. He acquired his mortgage subsequent to the filing of the bill, and is bound by the decree in that case.

These creditors could acquire no right superior to that of Thomas N. Bolles, which was measured and limited by the decree in the first suit, to which he was made a party before the liens of said creditors had existence.

The decree of May 17th, 1892, declares that, under the will of Nathan Bolles, the said Thomas N. Bolles took a share of the proceeds of sale of the lands of the testator only in the contingency that said Thomas was alive at the time of distribution, and that if he was not living at that time, his children were entitled to the share which he would have taken if he had survived.

This decree is unappealed from, and is binding and conclusive upon the said creditors of said Thomas N. Bolles. The decree obtained in the second suit was effective only as to the rights of said Thomas N. Bolles if he had lived until the period of distribution; it has no force as against the children of Thomas N. Bolles, whose rights are derived under the will of Nathan Bolles, and were not in anywise subject to the control of Thomas N. Bolles.

The remedy of these creditors, if any they had, was through an appeal from the decree in the first suit, made on the 17th of May, 1892.

Whether that case was correctly decided we have not considered; the question is not before us.

The decree of the court of chancery should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF-JUSTICE, VAN SYCKEL, DIXON, COLLINS, FORT, HENDRICKSON, BOGERT, ADAMS, VREDENBURGH, VOORHEES—11.

*For reversal*—None.