## JULIA K. LAKE

### *v.*

## AMZI LAKE.

[Submitted May 21st, 1912. Decided October 11th, 1912.]

In a wife's suit against her husband for divorce on the ground of desertion, the effect of a separation suit for limited divorce instituted by her in the State of New York, and pending there during the period of separation, considered, and the rule declared in *Kyle* v. *Kyle, 52 N. J. Eq. (7 Dick.) 170*, followed in this suit.

On exceptions to master's report in *ex parte* divorce case adverse to petitioner.

*Mr. White* (of New York), for the exceptant.

STEVENSON, V. C.

The learned master who carefully examined and passed upon this case evidently found that the wife would have made out a case of willful, continued and obstinate desertion on the part of the defendant, her husband, if, during the period of separation, a suit for limited divorce instituted by the wife had not been pending in the State of New York. The master therefore reports that he is "constrained to find that as the suit in New York has been pending for all of the statutory two years except four or five days, that the defendant has not been guilty of willful, continued and obstinate desertion of the said petitioner," referring to *Weigel v. Weigel,* 63 *N. J. Eq.* (*18 Dick.*) 677; *affirmed,* 65 *N. J. Eq.* (*20 Dick.*) 398, and the cases therein cited as authority sustaining his proposition.

The effect of a prior matrimonial litigation between the husband and wife upon a subsequent divorce suit between them has sometimes, I think, been considered without regard to certain important distinctions, which, however, need not be examined for the purpose of this present case. Some of the decisions in other jurisdictions which involve this whole subject are of no value here because the statute construed and enforced was radically different from our Divorce act. The use of the word "obstinate" in our statute prevents several of these foreign cases from having any force in this state. It is the effect of the action of this petitioner in suing her husband for a legal separation in New York, upon her insistment in this suit that his desertion was obstinate, *i. e.,* against her wish and will, that this court must determine and not the effect of such New York suit upon the conduct and purposes of the defendant. It may be conceded that throughout the whole period when this New York action brought by the wife for a separation from bed and board was pending, the defendant, the husband, was maintaining a willful and continued desertion of the petitioner, his wife. The ques-

tion remains, was such desertion against the desire and purpose of the wife when she was prosecuting an action to have the separation which in fact existed through the fault of the husband made legal and for a time at least a settled matrimonial status by the decree of a court?

It has never been held or suggested, so far as I am aware, that a deserted wife bars herself from obtaining an absolute divorce on the ground of desertion after two years, because during that period she has been maintaining a suit for maintenance on the ground of abandonment and failure to support under section 26 of our Divorce act when she had a right to bring such suit.

Where the deserted wife in New Jersey having the option to bring a suit for maintenance on the ground of constructive abandonment, elects to bring a suit based on extreme cruelty for a limited divorce, it seems plain that the object of her suit is to procure by a decree of the court the continuance of the separation of which in her divorce suit she afterwards complains.

The sharp question presented for decision in this present case is whether the petitioner's pending suit for limited divorce in the State of New York prevents her from maintaining in this subsequent divorce suit in New Jersey, that the separation, which was the basis of her New York action, constituted obstinate desertion within the meaning of our Divorce act. The ruling of the master is, I think, necessarily sustained by the decision of this court in the case of *Kyle* v. *Kyle* (*Vice-Chancellor Pitney, 1894*), *52 N. J. Eq.* (*7 Dick.*) *710.*

This case, I think, is substantially on all fours with the present one. The wife sued the husband in this court for an absolute divorce on the ground of desertion. The separation occurred or began when the parties were domiciled in New York, and thereafter the wife obtained a decree in the New York court granting her a divorce *a mensa et thoro* on the ground of cruelty. It was held that the wife could not maintain in this state a suit for divorce on the ground of desertion when the period of such desertion included the time during which the New York decree for a limited divorce was operative.

I do not think that any important distinction can be drawn for use in this present case between the effect of a decree of

limited divorce obtained in New York, and the effect of a suit brought by the wife, one necessary object—in fact the main object of which is to procure such decree. In the one case the wife has actually obtained a decree legalizing and establishing the status of separation, while in the other she is prosecuting the suit for the purpose of obtaining such decree. I am unable to perceive any difference in the mental attitude of the wife in the two cases so far as such mental attitude is under investigation, with a view to determining whether the desertion of which she complains was obstinate.

Counsel for the petitioner in this case undertakes to avoid the effect of the pending suit in the State of New York by endeavoring to prove that under the law of that state an abandoned wife has no civil action for support corresponding with our action under the twenty-sixth section of the Divorce act, but that she must sue for a separation from bed and board in order to obtain support, that proceedings brought by wives before police magistrates for support are *quasi*-criminal in their nature, and are based upon the necessary protection of the public authorities from the burden of supporting abandoned wives, and that such proceedings furthermore provide merely for support for a single year and therefore must be repeated from year to year.

I think that it must be conceded that this argument has great weight, and, apart from the authority of the *Kyle Case,* in some cases of the kind to which the present one belongs, might be conclusive. In New Jersey the deserted wife, whose actual object in suing her husband is merely to obtain support, has her option after the desertion has continued for two years, to proceed under section 26, leaving the marriage relation unaffected, or to sue for a divorce and procure support as an incident to such suit. If, in the State of New York, the deserted wife has no such option— in fact has no suit for maintenance at any time except as a part of or an incident to a suit for divorce, and is therefore in case of desertion compelled to seek a judicial separation by a decree of limited divorce in order to obtain support, it is difficult to see why the institution of such a suit by her should necessarily be deemed an acquiescence in the separation. In such case the wife merely deals with the situation which is forced upon her by the

wrongful act of her husband. Where therefore her suit is meritorious, whether it results in a decree in the New York court or not, when she brings her subsequent suit for absolute divorce in New Jersey, may she not say: "I did not acquiesce in the separation, nor did I willingly bring a suit to have the separation sanctioned and decreed by the court. My husband, by his wrongful conduct, compelled me to bring such a suit in order to obtain from him the support which he was unlawfully withholding. At any time he might have terminated the separation, or at any rate applied to the court for such termination, which action on his part would have compelled me to determine whether or not I desired the suit to proceed to decree or the decree to stand in case decree had been entered."

In the present case, however, it appears that before the wife commenced her action in New York the husband came to New Jersey, established himself upon his farm in this state and became domiciled here and has remained domiciled ever since. The wife has remained a resident of New York, and it is the continued residence of the husband in New Jersey which establishes the jurisdiction of this court to grant the wife a divorce if a case of willful, continued and obstinate desertion has been established. Thus it is clear that the wife had it in her power to come over to New Jersey and sue her husband for maintenance only, but that she elected to sue him in New York by publication for a divorce from bed and board, although it may be that her principal object was to procure support from her husband in such suit.

Under the circumstances of this case, I feel bound to overrule the exception upon the authority of the *Kyle Case.* It is true that the opinion of Vice-Chancellor Pitney in that case does not distinguish between the New York law and our law in respect of the civil remedies which are open to an abandoned wife, upon which distinction the above-mentioned argument on behalf of the petitioner in this case is based. It would, however, I think, be unsafe to assume that the learned vice-chancellor was not fully informed as to the New York law in question. At any rate, under the circumstances of this case, I feel bound by this adjudication as a precedent and feel it my duty to leave it for the

appellate court to overrule, or modify or distinguish a decision of this court which for all that appears has remained unquestioned, and no doubt has been followed in other cases continuously for the last eighteen years.

The result is that the exceptions will be overruled, the master's report will be confirmed and the petition will be dismissed.