The parties were married on March 5th, 1922, and cohabited until the month of July of that year, when the petitioner announced to his wife that he was going to leave her, committed an assault and battery upon her, left her and never has returned. The petitioner's brother testified that in the following December the defendant told him that he would never again live with the petitioner and would not support her under any court order.
The proofs disclose and the special master reports, that on the 9th day of September following the desertion, the petitioner commenced an action in the New York supreme court for a limited divorce from her husband. That action is still pending. Upon the authority of Lake v. Lake, 80 N.J. Eq. 350, the special master has reported adversely to the petitioner.
In the brief submitted on her behalf, two points are made in support of the exceptions: One is that the facts in the case at bar are not similar to those in the Lake Case, because in the earlier case the petitioner had actually secured a judgment in New York which, in the language of Vice-Chancellor Stevenson, "made it absolutely unlawful for the defendant to mend his ways and return." This point is not sound. All the authorities are to the effect that there is a presumption a spouse who commences a suit for divorce does not want to resume cohabitation, because under our law that would put an end to the action (McLaughlin
v. McLaughlin, 90 N.J. Eq. 322), and, consequently, the absence of the spouse complained against is not obstinate. Consequently, while the complaining spouse is under no obligations to permit the return of the erring spouse after a decree of divorce or separation, that in nowise alters the fact that it is fair to presume, ordinarily, that after a suit is instituted, but before decree or judgment, the petitioning spouse is well content to have the other away, and such a presumption can only be overcome by competent and sufficient proof to the contrary. Therefore, the fact that in Lake v. Lake, supra, the New York suit had been prosecuted to judgment, while in the *Page 484 
suit sub judice the New York proceeding has been neither terminated nor pressed, does not differentiate the one from the other.
The remaining point is, that the present case comes within the rationale of Cook v. Cook, 97 N.J. Eq. 264. I regret that I am not able to agree with this argument, either. I do not appear to have made clear my convictions in the opinion filed in that case. There, the wife fought desperately to keep the companionship and love of her husband after he had left her and even after her cause of action had accrued, in an effort to effect a reconciliation which it was his duty to seek, and in the face of his conduct that would have excused her, even if she had ordinarily been under a duty to seek him out and had failed to do so. Hall v. Hall, 60 N.J. Eq. 469. I said (at p. 426):
"Thus, the desertion being willful and continued for the requisite period, it only remains to be determined whether it was obstinate, in view of the presumption arising from the pendency of the first suit. `Obstinate' means against the will of the other party. The facts are, as abundantly shown in the proofs, that repeated efforts were made by the defendant to secure the acquiescence of the wife in a separation. It is just as fully established that she very properly refused to agree to any such proceeding, but, on the other hand, went far beyond what it was her duty to do to try to bring this man to a realization of his duties and a re-establishment of their home. She had thought enough of the defendant to become the mother of two of his children, and appears to still have had enough affection for him to desire to live with him."
The petitioner in the Cook Case never wanted to be separated from her husband until long after the necessary two years' period of desertion had expired. Within that time she tried in many ways to secure his return, and demonstrated that his separation was against her wishes. In the case at bar there is not a word to indicate that the petitioner was aggrieved by the departure of her husband, or a scintilla of evidence to overcome the presumption which was *Page 485 
pointed out in Marsh v. Marsh, 14 N.J. Eq. 315, and which has been consistently followed ever since. Where it can be shown that the desertion by the defendant was really against the wishes of the petitioner, even though there was a former suit pending, the reasoning of Easter v. Easter, 75 N.H. 270, adopted by Chancellor Pitney in Sarson v. Sarson (Docket 31, p. 474), which I followed in Cook v. Cook, supra, should cause the above fact (the desire of the complaining spouse for a resumption of cohabitation) to overcome the presumption, and the former suit should not be permitted to operate as a bar. But in the present case, that has not even been attempted.
The proofs disclose that the defendant deserted the petitioner in the early part of July, 1923, and that approximately two months thereafter the petitioner caused a summons and complaint to be served upon the defendant in the New York action on September 9th, 1922, wherein this woman asked the New York supreme court to make a decree compelling the defendant to live separate and apart from her and pay her alimony. From this action upon her part, it is a fair presumption that she was not at all displeased with the state of separation existing between her and her husband (the Marsh Case, supra) and sought the judgment of that court to make it permanent. To rebut this presumption she offers no proof whatsoever, as was done in the Cook Case,supra. It is true, she testifies she was unable to locate the defendant and was refused any assistance in that connection by the members of his family, although she was able to locate him so that process of citation was served upon him personally on November 28th, 1925, sixteen days after the filing of her petition herein. She does not explain, in view of this testimony, how it was also possible to make service upon him on September 9th, 1922, in New York. It is, of course, possible that the service upon him was not personal, but it is difficult to reconcile her testimony just mentioned with her subsequent statement that her husband served notice of a motion, returnable October 11th, 1922, seeking a vacation of her then recently-obtained order for alimony and counsel *Page 486 
fee. It would appear that in the litigation of a motion initiated by her husband she would have been able to have learned of his address.
That, however, is of little or no moment. At the time he left her and up to the commencement of her action in New York, she was under no duty to seek him out and effect a reconciliation. That was his duty, under the circumstances detailed by her as to the separation. Neither is it of any importance for the purpose of this opinion that in December, 1922, the defendant told her brother that he would never live with her or obey any order to support her. Such testimony on behalf of a husband seeking a divorce might be important under the circumstances of Hall v.Hall, 60 N.J. Eq. 469.
In a nutshell, the difficulty with the petitioner's case is, that while she has shown her husband's desertion to have been willful and continued, it does not appear to have been obstinate, because of the presumption dealt with in Lake v. Lake, supra, and unexplained or rebutted, as was done in the Cook Case,supra.
The exceptions should be overruled.