The petition herein was filed by the petitioner against the defendant alleging extreme cruelty and praying for a divorce from bed and board therefor. The defendant answered, denying the cruelty, and the cause was referred to Edward M. Colie, esquire, advisory master, to hear the same and report thereon to the chancellor. The master has found the defendant guilty and has advised the usual final decree in cases a mensa et thoro, that the parties thereto "be separated from bed and board forever, provided that in case of a reconciliation at any time hereafter the parties may apply for the revocation or suspension of this decree. And it is hereby decreed to be the duty of the parties to live chastely during the separation; that the marriage of either party in the lifetime of the other will be criminal and an act void in law."
This is not a decree nisi in the form used in this state since first provided as matter of procedure in the Divorce act,P.L. 1907 p. 474. And section 20 of that act provides that:
"If after the hearing of any cause, or after a jury trial resulting in a verdict for the plaintiff, the court shall be of opinion that the plaintiff is entitled to a decree annulling the marriage, or a decree for divorce from the bonds of matrimony, a decree nisi shall be entered."
This is not a decree "annulling the marriage," nor is it a decree for divorce from "the bonds of matrimony." P.L. 1916 p.109, provides that in cases for nullity of marriage under the general jurisdiction of the court of chancery the first decree shall be one nisi. That jurisdiction concerns the *Page 526 
nullity of marriage for fraud. Carris v. Carris, 24 N.J. Eq. 516.
And the fraud must be one affecting an essential of the marriage relation, dissociated from the statutory power to annul for specified causes. Bolmer v. Edsall, 90 N.J. Eq. 299.
The Divorce act of 1907 (P.L. p. 474) provides that divorces from the "bonds of matrimony" may be decreed for certain named causes; and that divorces from "bed and board" may also be decreed for certain causes; and, further, that decrees of nullity of marriage may be rendered for certain causes.
A divorce from bed and board authorizes the parties to live in separation, yet leaves the marriage in full force, and unless provided by alimony decree or statute, it does not change their property rights, or even largely their personal status or powers.2 Bish. M.D. S. § 1675. Where the common law is in force (and it is here) a divorce a mensa et thoro does not change the property rights of the parties. Its only effect is to compel the parties to live apart and to deprive the husband of his control over his wife. A divorce from the bonds of matrimony puts an end to any right which either has acquired in the property of the other by the marriage, unless its effect is restrained by statute. American Legion v. Smith, 45 N.J. Eq. 466. The decree of divorce a mensa et thoro does not affect the status of marriage but merely justifies the separation of the spouses.Drum v. Drum, 69 N.J. Law 557, 558. A married woman living in a state of separation from her husband may convey land in certain circumstances. Hollander v. Abrams, 99 N.J. Eq. 254.
It is apparent that the legislature has not provided for a decree nisi in case of a divorce from bed and board, therefore, a final decree should be entered upon a finding that the petitioner is entitled to relief. A decree nisi is, however, a conditional divorce, becoming absolute upon the happening of a prescribed contingency. Such a contingency in our state is the non-showing of cause why the decree should not be made absolute.Grant v. Grant, 84 N.J. Eq. 81. And the *Page 527 
court of errors and appeals said that this seems to be a proper characterization of the nature of a decree nisi, although that decree does not sever the bonds of matrimony, that the marital tie between husband and wife still persists until after the expiration of six months (now three) from the entry of such decree, and a decree absolute is entered. Sobel v. Sobel,99 N.J. Eq. 376, 378. That the Grant and Sobel Cases were ones from the bond of matrimony makes no difference in principle, so far as a decree nisi is concerned. Of course the cause is still pending until the entry of final decree, and the law says that it is improper for the parties to cohabit together during the pendency of a suit for divorce. McLaughlin v. McLaughlin,90 N.J. Eq. 322, 326. And, in any event, the resumption of cohabitation and marital relations pending suit destroys the cause for divorce through condonation. Byrne v. Byrne, 93 N.J. Eq. 5.
While it appears that there is no more reason why a decreenisi should not be the first decree from bed and board, as it is in causes for divorce from the bonds of matrimony, and for nullity cases both under the statute and under the general jurisdiction, nevertheless, the legislature has not seen fit to provide a decree nisi in causes of divorce from bed and board, and therefore the first decree must be a final one.
Final decree accordingly. *Page 528