This case arose upon a petition filed November 21st, 1926, for divorce. The defendant did not answer and the cause was referred to a special master, to report upon the propriety of granting the relief prayed for. The report was filed July 9th, 1927, and recommended a divorce.
The master examined the petitioner as follows:
"Q. Did you or your wife ever have any other proceeding in any court relating to your marriage or any separation between you?
"A. No, sir. *Page 33 
"Q. Has there ever been any suit by you or her regarding your marriage or separation?
"A. No, sir."
The master filed a supplemental report November 22d 1927, without any authority therefor, and in it he says:
"There has been no further order of reference to me, but one of the advisory masters required that the subject-matter of rule 263 of this court should be propounded to the petitioner in the very language of the rule.
 * * * * * * *
"There was produced before me a copy of the judgment of separation entered in the New York proceedings on the 26th day of December, 1924, signed by the Honorable Isador Wasservogel, a justice of the supreme court of the State of New York. By the judgment, it was ordered, adjudged and decreed, that the plaintiff was entitled to a judgment separating her and the defendant (the petitioner herein) from bed and board. The custody of the issue of their marriage, an infant child, was awarded to the wife, and the defendant therein was directed to pay the plaintiff $15 weekly for her maintenance and support, and the support, maintenance and education of the child.
 * * * * * * *
"In my opinion, a court of competent jurisdiction in a sister state, having before the same parties as are before this court, has by its solemn judgment decreed that the petitioner herein abandoned the defendant. I think that was res judicata, and I therefore have now to recommend that the petitioner's petition be dismissed."
To this report the petitioner has excepted.
A transcript of the testimony and certified copy of the judgment in the case of Anna Reibesehl v. Henry Reibesehl in the supreme court of New York, Bronx county, is also before me.
Further testimony was taken before the special master, and he remarked:
"My attention is called to a letter addressed to Messrs. Butler and Butler, the solicitors for the petitioner herein, by *Page 34 
Honorable C.V.D. Joline, advisory master, under date of July 26th, 1927. In my opinion, as I re-read the evidence already taken in this cause, the questions required by the rules of the court of chancery were correctly asked by me, but if the advisory master thinks that the question should be asked in the words of the rule, I have no objection."
After which the master examined Mr. Reibesehl as follows:
"Q. Mr. Reibesehl, please state whether or not any previous proceedings have been had between you and the defendant respecting your marriage or its dissolution or the maintenance of your wife, and if so, what proceedings?
"A. Yes, sir, there was a proceeding taken in the supreme court in New York, for a separation for non-support.
"Q. By whom?
"A. By my wife.
"Q. When?
"A. January 25th, 1924.
"Q. As I now read your previous testimony, you said the last time you lived with your wife was in September, 1923?
"A. Yes, sir.
"Q. And do I now understand that about three months later, that is, in January, 1924, she commenced this suit against you?
"A. Yes, sir.
"Q. Why did you not tell me that when you were examined before me before?
"A. I understood that you meant all your questions for the State of New Jersey, and I paid no attention to this. I was willing to give her a couple of dollars as she was asking, thinking that she would come back to me.
"Q. That is not what I asked you. I asked you why you did not tell me about this previous suit when you were examined before me sometime ago?
"A. I paid no attention to this suit. I thought maybe she would come back to me later on, but I don't think she ever will.
"Q. Mr. Reibesehl, the question that I am asking you is why did you not tell me sometime ago, when you were examined *Page 35 
before me, that your wife had brought suit against you in New York?
"A. I thought everything you were referring to me was in the State of New Jersey, regarding my divorce proceedings."
It is to be observed that the special master had absolutely no power to recall the case to himself and file a supplemental report. When a master parts with his report his services are at an end and he cannot afterwards make a supplemental report; that could only be done by virtue of an order of rereference to him, and he expressly states that no such order was made. SeeGreenberg v. Greenberg, 99 N.J. Eq. 461, 465; Kaufman v.Jurczak, 102 N.J. Eq. 66. Nor should he have stated that the questions required by the rules were properly and correctly asked by him but that if the advisory master thought that the question should be asked in the words of the rule, he had no objection.
He certainly could have had no objection. As a subordinate officer of the court it was his duty to obey the mandate given by a higher one in the course of the business in hand.
The sufficiency of all that the advisory master says, is apparent upon the special master recalling the petitioner and asking him the question in the language of the rule, when he admitted the previous proceedings; as well he might. When the petitioner was asked by the special master on the original hearing: "Did you or your wife ever have any other proceedings in any court relating to your marriage or any separation between you?" and he answered: "No, sir," and was further questioned: "Has there ever been any suit by you or her regarding your marriage or separation?" and he answered: "No, sir," when, as now shown by the New York record, he had appeared in the New York action for separation from bed and board by his wife and was represented therein by counsel, he could not, it seems to me, as he said in his testimony on the later hearing, "understand that you (the master) meant all your questions for the State of New Jersey." This seems absurd. The question as to "any court" or "any suit" plainly meant "anywhere." I am satisfied that the petitioner knew perfectly well what the special master *Page 36 
meant. He perfectly well knew what proceedings had been taken in New York, that the question called for their disclosure, but he suppressed them. When he was asked if there were any other proceedings in any court relating to the marriage or separation, he knew, as an intelligent man, what the question implied, and that he was in nowise restricted to New Jersey.
The act of the State of New York which has been in force at least since 1921 is to be found in Parson's Practice Manualp. 398 art. 69, title "Action for Separation," which provides in § 1161 that an action may be maintained by a husband or wife against the other to procure a judgment separating the parties from bed and board forever, or for a limited time (for certain causes, naming them); and in § 1164, that where an action for separation from bed and board is brought by the wife the court in the final judgment of separation may in particular compel the defendant to provide suitably for the education and maintenance of the children and for the support of the plaintiff.
Under the law of New York a divorce from bed and board is merely a judicial separation and not a divorce at all. See VanCleaf v. Burns, 118 N.Y. 549; also O'Neill v. O'Neill,163 N Y Supp. 250. The law is the same in New York as in New Jersey. See Rudin v. Rudin, 104 N.J. Eq. 524.
The judgment under review is not res judicata, because the issue is not the same in the New York case as here. There the application was for a mere judicial separation, which was granted, but may be set aside by the court on proper application. Here the application was for a decree dissolving the bond of matrimony for the cause of desertion and discharging the parties from the obligations thereof.
The doctrine applicable here is not res judicata but staredecisis or the law of the case. 36 Cyc. 816. An actual decision of any question settles the law in respect thereto for further action in the case. Mutual Life Insurance Co. v. Hill,193 U.S. 551; 48 L.Ed. 788, 792. Of course this applies to the same question between the same parties in another case.
That this is not a case of res judicata is apparent from the *Page 37 
decision of the court of errors and appeals in Smith v.Fischer Baking Co., 105 N.J. Law 567, where (at p. 569) that court observed: "In Behrens v. Sieveking, 2 M. C. 581, the lord chancellor said that in order to support the plea (resjudicata) it was necessary to show that the proceedings in which the plaintiffs were alleged to have failed were taken for the same purpose as the suit in which the plea was filed; for, he adds, the issue might have been the same, while the object was different, and the circumstance that the matter had been tried as a matter of evidence, could not be conclusive; that the defendant had to show that the subject-matter was the same, that the right came in question before a court of competent jurisdiction, and that the result was conclusive, so as to bind the judgment of every other court."
In this case the present suit was not taken for the same purpose as the former one, the object of the New York suit was different from that of the present — the former for a judicial separation, which was granted but which is not a divorce, and the one here for a divorce from the bond of matrimony forever. The subject-matter was not the same. While the right is not conclusive so as to bind the judgment of every other court perpetually, it is conclusive while it lasts, and it may be modified or vacated at almost any time upon proper application.
In Newark City Bank v. Crane, 60 N.J. Eq. 121,
Vice-Chancellor Pitney said (at p. 123) that there is a clear distinction between the decree and the law of the case, and one not bound by the decree may be bound by the law of the case. Affirmed, Dunning v. Crane, 61 N.J. Eq. 634, 637. The parties to this suit were parties to that in New York, and are bound both by the decree and the law of the case.
As the same persons were parties to the suit in New York, whose decree was separation for abandonment, that is, desertion, and the same persons are parties to the suit here for a divorce from the bond of matrimony for desertion, that is, abandonment, the decree in the New York supreme court separating the parties from bed and board works an estoppel by judgment so long as that judgment lasts; and it may well *Page 38 
be that if it were now to be vacated by the court on application of the proper parties, apparently two years would have to run after the parties were capable in law of reuniting and resuming their matrimonial domicil before the husband would be entitled to any decree of divorce upon the ground of desertion, provided the wife neglected and refused to return to him, but willfully, obstinately and continuedly deserted him afterwards.
Exceptions overruled and petition for divorce dismissed.