This matter was referred to Francis Child, advisory master, who filed the following conclusions:
This is an action instituted by the wife for an absolute divorce on the ground of extreme cruelty. The marriage, residence and acts of cruelty complained of are fully proved. The petitioner was a bona fide resident of this state at the time of commission of the acts complained of and has ever since and for more than two years next preceding the filing of the petition continued to be such bona fide resident. The citation in this case was personally served upon the defendant by the sheriff of Essex county.
The petition in this cause was filed on March 15th, 1929. The only question that arises in this case is what effect, if any, previous proceedings brought by the petitioner against the defendant in the year 1921 for divorce from bed and board, in which cause there was a final decree divorcing the defendant from bed and board of the present petitioner for the cause of cruelty, forever, have upon her right to a decree for absolute divorce in the present cause.
The facts alleged in the present cause as a ground for absolute divorce are the same as those alleged in the previous proceeding for divorce from bed and board. The evidence in both cases shows that the petitioner was compelled to separate from the defendant on or about February 1st, 1921, in consequence of his conduct toward her, which conduct amounted to extreme cruelty. The petition for divorce from bed and board was filed on February 15th, 1921, and was *Page 163 
filed under the provisions of subdivision 3 of chapter 2 of "An act providing for divorces and for decrees of nullity of marriage and for alimony and the maintenance of children." Revision of1907, P.L. 1907 p. 474 (at p. 476). By the terms of this act it is provided as follows:
"Divorces from bed and board may be decreed for * * * extreme cruelty in either of the parties. In all cases of divorce from bed and board the court may decree a separation forever thereafter or for a limited time, as shall seem just and reasonable, with a provision that in case of a reconciliation at any time thereafter the parties may apply for a revocation or suspension of the decree, and upon such application the court shall make such order as may seem just and reasonable."
The decree for divorce from bed and board forever was entered in the previous cause on December 15th, 1921, and has never been revoked or suspended and remains in full force.
If the present suit was for a divorce on the ground of desertion, the petitioner would not be entitled to a decree, because where the parties are living apart in accordance with a decree for judicial separation, the element of obstinacy is lacking, as is the element of willfulness. Kyle v. Kyle,52 N.J. Eq. 710 (at p. 712); Lake v. Lake, 80 N.J. Eq. 350;Jacobs v. Jacobs, 100 N.J. Eq. 482; Reibesehl v. Reibesehl,106 N.J. Eq. 32.
It has also been held that where a petitioner elects one of two remedies available at the time suit was instituted, such petitioner cannot ordinarily choose another that may be more advantageous at some later time.
However, at the time the petitioner obtained her decree for divorce from bed and board, no other remedy was available to her, and if she was to be protected from further violence on the part of her husband, her only remedy was the decree she obtained separating her from the bed and board of her husband forever. Hence, no question of election of remedies exists, in my opinion, in this cause.
The decree of divorce from bed and board forever was entered in the month of December, 1921. The act providing *Page 164 
that extreme cruelty should be a ground for absolute divorce was not passed until the year 1923.
The act of 1923 provides that:
"Divorce from the bonds of matrimony may be decreed for extreme cruelty in either of the parties, whether the acts of cruelty were committed prior to or after the passage of this act; provided that no petition for divorce shall be filed until six months from the date of the last act of cruelty complained of."P.L. 1923 p. 494.
The clause providing that the act should apply to acts of cruelty committed before the passage of the act clearly indicates, in my opinion, a legislature intent not to exclude from the benefits of the act of 1923 those persons who had, previous to the passage of the act, obtained a decree of divorce from bed and board for cruelty.
A decree for divorce a mensa et thoro is not a decree "annulling the marriage;" nor is it a decree for divorce from "the bonds of matrimony." Rudin v. Rudin, 104 N.J. Eq. 524,525; Reibesehl v. Reibesehl, supra (at p. 36).
The act of 1923 is a remedial statute, and, as such, under the rules of statutory construction, should be liberally construed.Stephenson v. Stephenson, 102 N.J. Eq. 50 (at p. 56). By its terms it is retroactive, in that it provides that acts of cruelty committed before its passage shall be grounds for absolute divorce. No contract right or vested right is impaired, nor is any new obligation created, nor, in my opinion, is any principle of public policy violated by extending the benefits of this act to those persons who, before its passage, had obtained a decree for divorce from bed and board for extreme cruelty.
The parties to the present suit were legally separated forever by the decree in the previous suit for a divorce from bed and board. A decree for absolute divorce will not change the relations of these parties toward each other, except that it will have the effect of terminating rights of dower or curtesy and will give to the parties the right to remarry.
The decree in the former suit is not res adjudicata, for while it is true that the acts of cruelty relied upon in the *Page 165 
suit for absolute divorce are the same as those relied upon in the previous suit for divorce a mensa et thoro, the relief sought is different. Mr. Justice Day, in the case of United ShoeMachinery Corp. et al. v. United States, 258 U.S. 451 (at p.459), cites with approval the rule laid down by Mr. Justice Field, in Cromwell v. County of Sac, 94 U.S. 351, wherein the latter said:
"There is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. In the former case the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. * * * concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. * * * But where the second action between the parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted."
In the case of State of Wisconsin v. Torinus et al.,28 Minn. 175 (at p. 180); 9 N.W. Rep. 725, 727, the court said, speaking of res adjudicata:
"Care must be taken also to distinguish between the identity of the subject-matter of litigation and the identity of the cause of action — a distinction often overlooked. The subject-matter of litigation may be the same and yet the cause of action entirely different. Therefore, there is a well-settled rule of law on the subject of res adjudicata, that a former adjudication never affects after-acquired rights. A judgment cannot prejudice rights which had not accrued to either party at the time of its rendition.
"Intervening events affecting the issue may be shown to prevent a former judgment from being conclusive. The reason is obvious. If the rights did not exist they could not have been passed upon. If they did not exist at the time of *Page 166 
the former judgment, the causes of action in the two suits could not, in the nature of things, be the same." See, also,Reibesehl v. Reibesehl, supra (at p. 37).
It is therefore apparent in the present case that the decree in the former action separating the petitioner from bed and board forever for cruelty, is not res adjudicata and a bar to an action for absolute divorce for extreme cruelty, because the issue in the present case is for absolute divorce and in the former it was really for a judicial separation only.
Where a divorce from bed and board has been decreed for either adultery or desertion, under the provisions of the Divorce act (P.L. 1907 p. 374 § 3), the party holding such decree would not have the right to a decree for absolute divorce based upon the same ground as that upon which the decree for divorce from bed and board has been entered. In such a case the doctrine of election of remedies would apply.
The petitioner in this case is entitled to a decree for absolute divorce for the cause of extreme cruelty notwithstanding the fact that she now holds a decree for divorce from bed and board for the cause of extreme cruelty, obtained by her under the provisions of section 3 of the Divorce act of 1907 above quoted.
An order will be made in conformity with the advice contained in the conclusions of Advisory Master Child, which are hereby adopted as the opinion of the court. *Page 167