Edward S. Gerrish v. Commissioner.
Edward S. Gerrish v. Commissioner
Docket No. 39334.
United States Tax Court
1953 Tax Ct. Memo LEXIS 227; 12 T.C.M. (CCH) 594; T.C.M. (RIA) 53187; May 29, 1953
*227 Edward Krowen, Esq., 11 Hill Street, Newark, N.J., for the petitioner. John J. Hopkins, Esq., for the respondent. OPPER
Memorandum Opinion OPPER, Judge: Respondent determined a deficiency in income tax in the amount of $357.43 for the year 1949. Certain adjustments are not contested. The sole issue is whether weekly payments totaling $1,500 during the year in controversy were deductible by petitioner under section 23 (u), Internal Revenue Code because made to "a wife who is divorced or legally separated from her husband under a decree of divorce or separate maintenance." All of the facts have been stipulated and are found accordingly. Petitioner is an individual whose address is 556-39th Street, Union City, New Jersey. He filed his Federal income tax return for the year in controversy on the cash basis with the collector for the fifth district of New Jersey. In 1946, petitioner filed a petition with the Court of Chancery of New Jersey for the nullification of his marriage to his wife, Amie Vivian Gerrish. The wife filed an answer thereto in which a counterclaim was made, alleging that petitioner had abandoned her without cause and had discontinued *228 payments for her support. Prayer was made for "such suitable support and maintenance * * * as the nature and circumstances of the case render suitable and proper * * *." In May 1948 the Chancellor of the State of New Jersey issued a final decree dismissing petitioner's prayer for nullification, and directing him to make weekly payments to his wife. Petitioner made payments of $1,500 thereunder during the year in controversy. The decree under which petitioner made the disputed payments for support of his wife makes no reference to the separation of the parties or to their marital relationship in any way. It provides only "That the petitioner, Edward S. Gerrish, pay to the defendant, wife, the sum of $30 per week commencing upon the date of this decree * * *." There appears to be no foundation for petitioner's primary argument that, since no legal separation is authorized in the State of New Jersey, that order was tantamount to a decree of judicial separation. In Rudin v. Rudin, 146 Atl. 351, the syllabus (by the Chancery Court itself) states the holding [1] to be that "A decree of divorce from 'bed and board' is simply judicial separation." The headnote well authenticated *229 by the language of the opinion goes on to say that "a decree of divorce from 'bed and board' is not a decree of divorce from the 'bond of matrimony' but is simply a judicial separation * * *." Under the circumstances, a mere order for the payment of support is not a decree of separation and does not meet the requirements of section 22 (k) that the wife be "legally separated" from her husband. That the parties were in fact separated does not suffice. Frank J. Kalchthaler, 7 T.C. 625. It follows that petitioner may not deduct, under section 23 (u), the claimed amount of the payments made for the support of his wife. Decision will be entered for the respondent. Footnotes
1. Under New Jersey statutes, 2 N.J.S.A., 2:50-3, 4↩.