The Chancellor.
The petition in this cause, filed on the twenty-sixth of August, 1861, asks a divorce from the defendant on the ground of wilful, continued, and obstinate desertion. The desertion is charged to have occurred in the month of March, 1858, and to have continued until the time of the filing of the petition. There is no dispute as to the material facts of the case. It appears, from the evidence, that at the time of the alleged desertion the petitioner and his wife were boarding together at No. 3 Eair street, in the city of Newark; that she left the house of her own accord, she having employed a carman to remove her furniture in her husband’s absence, and that she has since continued to reside separate and apart from him. These facts are distinctly admitted by the defendant’s answer, but the desertion is expressly denied. The separation of the wife from the husband is sought to be justified, in the defendant’s answer, upon two grounds, viz. 1. Because of the criminal misconduct of the husband. 2. Because, at the time of the alleged desertion, the husband had instituted proceedings in this court against her to obtain a divorce on the ground of adultery, alleged to have been committed by her, and was thereby seeking to destroy her reputation and repudiate her as his wife. No satisfactory evidence is offered to sustain the charge of crimination against the husband. In support of the second ground of justification, it appears that a petition was filed in this court, by the husband, asking a divorce from the wife for the cause of adultery; that the petition was *317 served upon the wife on the twenty-third of January, returnable on the twelfth of February, and that on the fifteenth of February the answer of the wife was filed, denying the charge of adultery (and setting up, by way of recrimination, that he was guilty of adulterous intercourse), and further setting up, by way of defence, that at the time of filing the petition the wife occupied, and was at the time of her answer still occupying the same apartments and bed with her husband, and that they in all things maintained the relations and intercourse of husband and wife. The bill in that case was dismissed by a final decree, made on the fourth of June, 1861, on the ground that the offence, if any had been committed by the wife, was fully condoned, the evidence showing that the marital relations and intercourse of the parties continued uninterrupted until up to and after the time of filing the petition, and until long after the alleged infidelity of the wife had been brought to the knowledge of the husband. Flo opinion was expressed as to the guilt of either of the parties upon the crimination by the husband or recrimination by the answer of the wife. The only fact material to the present inquiry is, that from March, 1858, to the fourth of June, 1861, a period of more than three years, the alleged desertion of the wife consisted of a voluntary separation from the husband while proceedings, at his instance, were pending against her in this court for a divorce upon a charge of adultery, and that only about six months of the alleged desertion has continued since the decree in the former suit. Does a separation under such circumstances constitute a wilful desertion in contemplation of law ?
I am clear that it does not. On the contrary, a regard to public decency, as well as the settled usage of the court, requires that under such circumstances the parties should not live together.
The fact that the parties live under the same roof has been held to afford presumptive evidence of the continuance of the marital relations, and a condonation of the alleged adultery, *318 at least as against the husband. Beeby v. Beeby, 1 Haggard 342; Shelford on Mar. and Div. 488.
The presumption must be, therefore, if the wife absent herself from his home pending a suit against her for adultery, that such separation is by his procurement or with his assent.
Where a bill has been filed against a wife, if she have no property of her own, and deny the truth of the charges against her, it is very much of course to make her an allowance, not only for the costs and expenses of litigation, but for her maintenance during the continuance of the suit. And this order is made without any regard to the question, whether she has or has not been compelled to leave the house of the husband, the court regarding the institution of the suit as sufficient cause-for a separate maintenance. Shelf. on Mar. and Div. 533, § 86; Earl of Portsmouth v. Countess of Portsmouth, 2 Addams 63; 2 Chitty’s Gen’l Prac. 462; Wood v. Wood, 2 Paige 109; Jones v. Jones, 2 Barb. Ch. R. 146.
The allowance for' separate maintenance is made upon the principle, that it would be improper for the parties to cohabit •during the pendency ©f such suit.
In Sullivan v. Sullivan, 2 Addams 299, Sir John Nichol said, that during the pendency of a suit to try the validity of the marriage, cohabitation was not incumbent by law on the .parties, or on either of them; it would even have been legally censurable, at least in the husband. And so when a suit is pending for a divorce, it is improper for the parties to cohabit together without reference to what may be the result of the suit. Bishop on Mar. and Div., § 569.
Desertion is a question of intention. It is the intent which constitutes the offence. Marker v. Marker, 3 Stock. 257.
If a husband, by his cruelty or misconduct, compels his wife to seek a home elsewhere than under his roof, she is not guilty of desertion. Any circumstances which render it necessary or proper that she should reside elsewhere than with her husband is a valid defence to a charge of desertion.
*319 The case established by the evidence constitutes no legal desertion.
1. Because where a wife separates herself from her husband pending a suit against her by her husband for divorce on the ground of adultery, the legal presumption is that such separation took place by the procurement or with the assent and approbation of the husband.
2. Because it is legally improper for the parties to cohabit together during the pendency of such suit.
The bill must be dismissed with costs.