Wood *v.* Wood.

CHARLES H. WOOD

*v.*

ANNA M. WOOD.

[Filed September 20th, 1902.]

· 1. In divorce by a husband on the ground of desertion, the burden is on the husband, in order to prove a willful and obstinate desertion, to show affirmatively that the wife left of her own choice, against his will, and that she continued to stay away when it was her duty to return.

2. In divorce by a husband on the ground of desertion, even if it be shown that the original separation was wrongful on the part of the wife, yet he must show that he has sought, by proper steps, to bring about her return.

On petition for divorce for desertion, answer and proofs.

*Mr. John H. Fort,* for the petitioner.

*Mr. Frederick A. Rex,* for the defendant.

GREY, V. C. (orally).

This matter is, in my view, so clear that I do not care to hear counsel for defendant, and I will dispose of it at once.

The petitioner in this case alleges that the defendant, having been married to him for some twenty years, willfully, continuedly and obstinately deserted him, in the month of March, 1899; that she refused to return to him, although requested so to do; that she has lived apart from him ever since. For these reasons he prays that he may be divorced from her, and that the marriage tie may be decreed null and void.

These are proper allegations by a husband who seeks a divorce for the cause of desertion. When he makes such a charge, he undertakes the burden of proving it—that is, he must produce testimony which, in its credibility and weight, is more convincing to the court than that which is brought here against his claim.

It is impossible to say that the testimony offered here by the petitioner carries the burden of proof. Our courts have laid down the principles which govern in cases of this character so clearly that there is no doubt about them. This case is controlled by the rule expounded in the court of chancery, in *Bowlby* v. *Bowlby, 10 C. E. Gr. 407; affirmed in the court of appeals, 10 C. E. Gr. 570.* That was a bill filed by the husband for divorce from his wife for desertion. The separation had existed for some years, the wife having left the husband. The question was immediately raised as to how and why it was she had left him. The burden was upon the husband, in order to prove a willful and obstinate desertion, to show affirmatively that she left of her own free choice, against his will, and not by reason of any compulsion or consent on his part, and that she continued to stay away when it was manifestly her duty to return.

The court said in that case: "Whether the beginning of the separation was not by his consent and by his aid is a question in respect to which the evidence is conflicting. She swears that it was, and he swears that it was not. They were both examined as witnesses before me, and, after hearing and considering their testimony, in connection with other evidence, I am quite unable to say that his testimony is entitled to more weight than hers."

The husband failed affirmatively to show that the desertion was against his will.

In the present case the husband testifies that there were differences because of his exercise of parental authority over the children, and that, during his absence and without his knowledge or assent, his wife broke up the household, by moving a large part of the furniture away. The substance of his statement is that she, against his will, destroyed their home life. He is the only witness who sustains this aspect of the case. A carter, who moved the goods, shows that it was done at the direction of the wife, but he knows nothing of what led her to give that direction.

The defendant wife and her two children (young women, one of full age, the other about nineteen) testify that the breaking up of the household was brought about by the petitioner's decla-

*Wood v. Wood.*

ration that he would no longer pay the rent of the house, and his insistment that the mother and daughters should earn their own living without aid from him. They say the moving was with the knowledge and assent of the petitioner, and by previous arrangement with him. They are corroborated by the undisputed fact that neither at the time of the destruction of their home life nor since has the petitioner done anything looking to the resumption of marital relations with his wife or providing for her support.

If there is any difference in the credibility and weight of these contradictory statements, the defendant's evidence is more worthy of acceptance. It is the petitioner who asks an affirmative decree, and to obtain it he must carry the burden of proof. He alleges that his wife deserts him. That means that she has willfully, continuously and obstinately abandoned him, as her husband, for two years next before the filing of the petition. He fails to carry the burden, for his testimony does not satisfactorily show that the defendant willfully—that is, of her own choice and without his assent—began the separation.

As to the element of obstinate desertion, the rule is well established, as declared by this court in the *Bowlby Case*, that even if it be shown that the original separation was willful and wrongful on the part of the wife, and that she left her husband when she ought not to have gone, yet, under those circumstances, the husband, being the head of the household, was bound to do what he could, as a just man, to bring about her return. *Bowlby* v. *Bowlby, 10 C. E. Gr. 410,* citing *Cornish* v. *Cornish, 8 C. E. Gr. 208.*

The evidence shows that in the present case the husband made no effort to induce the wife to resume their marital relations. Indeed, the tendency of the proofs is to indicate that he was well content to have her stay away, and that he desired to resume the privileges of an unmarried man.

The judgment in *Bowlby* v. *Bowlby* was based on these two grounds—the husband's failure to prove, by the weight of the evidence, that the wife separated herself from him, by her own willful act, against his wishes, and his failure to show that her continued separation thereafter was obstinate, against his own

manifestation of a desire for her return. The cause now under consideration presents the same situation.

There are cases which hold that an indication, by the wife, of an unchangeable purpose to separate from her husband will excuse him from soliciting her return (*Lammertz v. Lammertz, 14 Dick. Ch. Rep. 649*), and undoubtedly conduct on her part which would be in itself cause for divorce would relieve him from that duty.

An effort was made by the petitioner to show that the wife had been guilty of improper conduct, which justified him in refusing to live with her. His claim is that the wife was so familiar with a young man who boarded in the family that he was justified in believing her to be false to him. The proof entirely fails to show this to have been true. One instance only is stated which exhibits an indication of indecorous conduct— the alleged finding of the wife and daughters and the young man sleeping in the parlor at an early hour in the morning. This story is not credible in itself, and is related only by the testimony of the husband. He fixes the date of the incident a considerable time before the separation. He does not himself relate the separation as having been occasioned by that event, nor does he show that he acted, at the time, as any man would who has discovered such an intrusion upon the decencies of his family life, and he is flatly contradicted as to the whole matter by his wife and both daughters, who deny that it ever happened.

There seems to have been no excuse for the husband's omission to invite the wife to return to him, which is necessary, under the circumstances of this case, to show that her desertion was obstinate. On the other hand, there is proof that she desired to re-establish the family relation; that she asked him to come back to her, and that it was the husband's indifference or opposition which defeated the accomplishment of the wife's wishes.

Charges of misconduct on the part of the husband have been suggested, which it is not necessary to consider. The petitioner's case fails for want of proof, by the weight of the evidence, of either willful or obstinate desertion by the wife. The complaint must be dismissed, with costs.

Grand Lodge A. O. U. W. of N. J. *v.* Gandy.

Mr. Rex—Should there not be a counsel fee allowed the defendant?

The Vice-Chancellor—I have allowed $25 already. I will allow an additional counsel fee of $15 to the defendant.