. ANNA G. McLAUGHLIN, petitioner,.

*v.*

MICHAEL McLAUGHLIN.

[Decided May 28th, 1919.]

1. In a suit for divorce for desertion none of the time occupied by the pendency of a former proceeding for divorce by one of the parties against the other can be computed as part of the time of the desertion in the later case; and this, whether the same party is petitioner in both cases or is petitioner in the later one and defendant in the prior one, or *vice versa*, provided the first suit was *bona fide*.

2. If a party files a petition for divorce for desertion, and afterwards files a petition for divorce as for a constructive desertion upon the same underlying facts, the petitioner will be permitted to amend the first petition by substituting a charge of constructive desertion for the allegation of actual desertion, and to dismiss the second petition.

On petition for divorce. On motion to dismiss petition *nunc pro tunc.*

*Mr. Morris Bloom,* for the motion.

*Mr. Edmund C. Gaskill, Jr., contra.*

WALKER, CHANCELLOR.

On October 28th, 1916, the petition in this cause was filed. It charged the defendant with having deserted the petitioner in September, 1912, ever since which time, and for more than two years then last past, the defendant had willfully, continuedly and obstinately deserted the petitioner. The defendant being served with citation and certified copy of the petition, filed an answer on December 21st, 1916, in which he denied the desertion charged. On December 23d, 1916, on motion of petitioner's solicitor, and by consent of the solicitor of defendant, this cause

was referred to Hon. Joseph Thompson, advisory master, to hear for the chancellor and to report thereon and advise what order or decree should be made therein. The cause has since been pending but has never been brought to trial.

On October 30th, 1918, the petitioner commenced a new and independent suit for divorce against the defendant by petition filed on that date, in which she alleged that in September, 1912, defendant commenced a course of cruel and abusive treatment toward petitioner and continued the same without provocation or just cause until she was compelled to cease cohabitation with him, particularly specifying defendant's misconduct and cruel acts; wherefore, she alleged, that by the true intent and meaning of the statute in such case made and provided the defendant had ever since October 23d, 1916, and for more than two years then last past, willfully, continuedly and obstinately deserted her.

On March 18th, 1919, the petitioner gave to the defendant notice of a motion for an order to dismiss the above-entitled cause as of June 1st, 1918, and thereto attached an affidavit upon which the motion was based, the salient facts in which are that after the filing of the petition in this cause (the first petition) Mr. Bloom, counsel for the petitioner, who made the affidavit, learned that the petitioner had been mistaken in some of the facts given him, whereby the petition would not lie; and that the petitioner had caused a new petition to be filed (the second petition), alleging constructive desertion on the part of the defendant instead of actual desertion, as alleged in the first petition, and that, in answer, the defendant had set up the first petition being undisposed of, in bar of the second suit.

Just why the defendant's notice is of an application to dismiss the first suit as of June 1st, 1918, I am unaware. The second petition, filed October 30th, 1918, alleges that petitioner was compelled by reason of the defendant's extreme cruelty to refuse to further cohabit with him; in other words, that the desertion commenced on that date, which was two years and one week prior to the filing of the petition. If I should grant the order asked for and dismiss the first petition as of June 1st, 1918, then the

parties would have been living separate and apart during the pendency of a suit for divorce between them up to and within four months prior to the commencement of the second suit, and, under the statute, the desertion must have been willful, continued and obstinate for an uninterrupted period of two years next before the filing of the petition. This brings me to the question in the case, which is, whether, as the first suit is still pending, there could be any obstinate desertion by the defendant of the petitioner between the time of the filing of the first petition, on October 28th, 1916, and the present time. I presume that the date mentioned—June 1st, 1918—is a mistake, and that the petitioner desires to have the first petition dismissed as of some date anterior to two years last past, expecting thereby to avoid prejudice to the second suit by the pendency of the first one.

Counsel for the defendant resists the motion upon the ground that there could be no desertion by the defendant of the petitioner during the period in which a suit for divorce was pending against him instituted by the petitioner, and relies upon *Weigel v. Weigel, 63 N. J. Eq. 677;* affirmed on opinion below, *65 N. J. Eq. 398; Johnson v. Johnson, 65 N. J. Eq. 606,* and *von Bernuth v. von Bernuth, 76 N. J. Eq. 494.*

In *Weigel v. Weigel* the defendant pleaded that part of the time during which she was alleged to have deserted her husband was occupied by the pendency of her suit against him for divorce for constructive desertion, and that as she could not have cohabited with him pending that suit without condoning the offence, she alleged that the time occupied by her suit should not be counted as part of the desertion. In that case her contention was decided adversely to her, but upon another ground, namely, that her suit was not brought in good faith, but was a fraud on the court, on the law and on the defendant; that, however, is immaterial to the present inquiry. It will, nevertheless, be observed that in the *Weigel Case* the contention that the time occupied by the prior divorce case between the same parties could not be computed as any part of the period of desertion alleged by the petitioner in the then instant case, was made by the de-

fendant, who was the petitioner in the former suit, and who alleged that she could not have cohabited with her husband during the pendency of her own suit against him without condoning the alleged offence. And that is quite different from one married party filing a petition for divorce against the other spouse for desertion, and, subsequently, filing another suit for the same cause of action while the former one is still pending, because the party in the first suit could answer denying guilt, and that matter of defence could be pleaded in the second suit as well as in the first one. In other words, a defendant charged with a matrimonial offence can hardly say that he or she cannot safely cohabit with the other one, when, in fact, the other party is not charged by the defendant with any dereliction which would entitle the defendant to a divorce. In still other words, a defendant who is complained against and asserts his innocence has nothing to condone, condonation being a privilege of the injured party, not of the injurer. And if the defendant were guilty he would not be prejudiced by the former suit in which he was also a defendant.

In the domain of reason it may well be that the first suit pending between the parties in the case *sub judice* ought to be no bar to the prosecution of the second suit; but Vice-Chancellor Grey, in the case of *Johnson* v. *Johnson,* appears to have decided otherwise. There the petitioner brought suit for divorce against his wife for desertion, and it appeared that each party had previously sued the other for dissolution of the marriage tie, the petitioner for adultery against the defendant, which petition was dismissed, and the defendant for desertion against the petitioner, which also was dismissed; but both of these cases were pending during a portion of the time that the petitioner in the then instant case urged before the court was the period of desertion for which he was entitled to a divorce, and Vice-Chancellor Grey observed (at *p. 608*) that no portion of the time during which *either* of the previous suits between the parties were pending could be computed in making up the term of the two years during which the desertion of the defendant must have been willful, continued and obstinate to entitle him to a decree.

In *von Bernuth* v. *von Bernuth* the original suit was brought by the wife and in it the husband filed an answer in bar and also pleaded a cause of action for divorce against her by way of cross-petition. This was as though he had brought an independent suit against her, and it was so treated by the vice-chancellor, who observed that some portion of the time relied upon by the husband for his cause of action was occupied and taken up by the original suit of the wife; and he held that if the rule of *Weigel* v. *Weigel* and *Johnson* v. *Johnson* were applied, the cross-petition would have been prematurely filed, but, that as the petition of the wife was filed and prosecuted in bad faith, the case came within the exception in the *Weigel Case,* and the wife in the case before him (von Bernuth) was not allowed to set up the pendency of her suit in bar of her husband's right, and he was granted a decree.

In *Marsh* v. *Marsh, 14 N. J. Eq. 315,* Chancellor Green held that it is legally improper for the parties to cohabit together during the pendency of a suit by the husband against the wife for divorce on the ground of adultery. And there, as in the *Johnson Case,* the rule was applied to one who was defendant in the two suits, the then instant one being for desertion and the prior one, which was defeated, for adultery.

In *Chipchase* v. *Chipchase, 48 N. J. Eq. 549,* it was held that a wife who is prosecuting an action against her husband for divorce for alleged adultery, cannot maintain that the separation pending such suit is obstinate on the part of the husband. This is a definite decision, to the effect that the party defendant is entitled to the benefit of the doctrine that his separation from his wife pending a suit by her against him is not obstinate.

In *Drayton* v. *Drayton, 54 N. J. Eq. 298,* Chancellor McGill held that if a suit for divorce for adultery be brought promptly after the separation of the accuser from the accused, and in good faith, and be prosecuted with diligence, then in a subsequent suit for desertion by the accused, the time consumed in the former proceeding will not be computed as part of the statutory period necessary to the desertion which will authorize a decree for divorce.

The only reason assigned in the cases as to why the time of the pendency of the first proceeding cannot be computed as part of the time of the desertion in the later one is, that pending the first one the petitioner could not cohabit with the defendant without condoning the offence charged by the former. It is to be observed that the defendant, who is either innocent or guilty, has, in neither case, anything to condone, and, therefore, it may seem that the reason does not apply where the same party is defendant in both cases. However, the doctrine that the time consumed in a previous divorce suit cannot be counted as any part of an obstinate desertion in a subsequent one between the same parties, is too firmly established in this court to now be questioned.

The case *sub judice* is one for the same cause of action as was the original suit. Therefore, instead of filing a new petition, the petitioner could have applied for and obtained leave to amend her petition in her original suit, by alleging the cause for action set up in the instant case; and this could be done at or after the trial as well as before.

The facts are these: In the original petition it is set up that the defendant deserted the petitioner in September, 1912, and continued to do so to the time of filing the petition, October 28th, 1916. In the second petition it is set up that the defendant, in September, 1912, commenced a course of cruel and abusive treatment toward petitioner which resulted in petitioner being compelled to cease cohabitation with him (not saying exactly when), and that defendant beat and assaulted her on various occasions, for which she was compelled to have him arrested, and on his promise to do better she resumed cohabitation with him, but on or about October 23d, 1916, he came home in an intoxicated condition and severely beat her, whereupon she again had him arrested and ceased further to cohabit with him, alleging that within the intent and meaning of our statute the defendant has since the last-named date willfully, continually and obstinately deserted her. It is apparent at a glance that this is the same desertion which the petitioner averred in her first petition. And the case at bar is not the first one in which such mistakes have been made.

In *Metzler* v. *Metzler, 69 Atl. Rep. 965,* the petition charged a desertion by the defendant which, to the common understanding, Chancellor Pitney remarked, means that the defendant physically abandoned the petitioner. However, the case made by the proofs and found by the master was that on the date referred to the petitioner left the defendant because of his long continued and cruel treatment of her, therefore a case of constructive desertion on the part of the husband was made out; but, in the view of the learned chancellor, it was a different one from that averred in the petition, and the then Divorce act, like the present one, required that the petition should plainly and fully state the cause or causes of the application. It was further held that the defect could be cured by amendment, and the petitioner was allowed to take an order permitting the filing of an amended petition, and, upon that having been done, a further order, reciting that making of the master's report and the filing of the amended petition, and requiring the defendant to show cause at a future date why a decree should not be made against him for constructive desertion in pursuance of the master's report. See, also, *Thomas* v. *Thomas, 74 Atl. Rep. 125.*

The present Divorce act (*P. L. 1907 p. 474; Comp. Stat. p. 2021 § 19*) provides that the chancellor may permit either party to amend his or her proceedings in the case, either in matters of *form or substance,* and proceed to give judgment according to the *merits of the case.* Under this liberal provision the petitioner may apply for leave to amend the petition in the first suit, which is pending and already referred to an advisory master, and dismiss the second suit, if she shall be so advised. See *Metzler* v. *Metzler* and *Thomas* v. *Thomas, supra.*

The pending motion to dismiss *nunc pro tunc* will be denied, but without costs.