I am convinced that the defendant has not willfully, continuedly and obstinately deserted the petitioner for the term of two years within the purview of the Divorce act, and because thereof I will advise a decree dismissing the petitioner's petition. The petitioner and defendant were married January 26th, 1902, and lived together as husband and wife for a period of more than twenty-two years. Two children were born of the marriage — Margaret Hopper McKee, a daughter, now upwards of twenty-one years of age, and William Noyes McKee, a son, now upwards of nineteen years of age. The petitioner is a professor of chemical engineering in Columbia University. He is also a consulting engineer. He alleges that his wife deserted him on January 13th, 1925. I deem it unnecessary to advert herein to the facts and circumstances leading thereto. It will suffice to say that the wife considered herself aggrieved by the acts and conduct of *Page 3 
her husband toward her, and particularly by acts and conduct immediately preceding the date of the alleged desertion. In October, 1925, she instituted a suit against her husband in the New York supreme court for a limited divorce, basing her action on the ground of extreme cruelty, and therein prayed for an allowance for her support. Said proceeding was at issue and came on regularly for hearing in January, 1927, when, as a result of conferences and negotiations between the parties themselves, and their respective attorneys, said suit was discontinued, and a "United Family Agreement" bearing date January 24th, 1927 (copy of which is annexed to the defendant's answer and marked schedule A) was entered into between said parties. Provision was made therein for the wife's support. Paragraph 3 of said agreement provides that both parties shall discuss "their family affairs and in particular the possibility of a united family at least once in each six weeks." The parties had many meetings subsequently. At the time of the alleged desertion the parties resided in New York City. Petitioner alleges that on February 25th, 1925, he took up his residence in New Jersey. The defendant has questioned herein the bona fides of the petitioner's residence in this state. The proofs herein satisfactorily establish, in my judgment, that the petitioner has been a bonafide resident of New Jersey since February 25th, 1925. His suit was commenced November 13th, 1927. It is urged in defendant's behalf that the period of time between October, 1925, when she instituted her aforesaid suit against her husband in the New York supreme court for a limited divorce on the ground of extreme cruelty, and January 24th, 1927, when such suit was discontinued, cannot be computed as part of the period of defendant's alleged desertion. I am in accord with the defendant in such respect. In view thereof I am of the opinion that the petition herein was prematurely filed. The New York suit interrupted the continuity of the period of the defendant's alleged desertion of the petitioner. Ordinarily, cohabitation is proof that the treatment of the wife by the husband is not cruel, and is usually of itself a contradiction *Page 4 
of that which the wife must, in such cases, establish, namely, a condition of such extreme discomfort and wretchedness as incapacitates her to discharge the duties of a wife, or seriously endangers her health. Weigel v. Weigel, 63 N.J. Eq. 677 (atpp. 680, 681). The aforesaid rule of law has been declared time and again by our courts. I deem it necessary to cite only the cases of Close v. Close, 25 N.J. Eq. 526; English v.English, 27 N.J. Eq. 579; Black v. Black, 30 N.J. Eq. 215;Taylor v. Taylor, 73 N.J. Eq. 745, and Pinkinson v.Pinkinson, 92 N.J. Eq. 669 (at p. 671). In Weigel v.Weigel, supra, it was held: "The continued separation of the complainant who is prosecuting a suit for divorce from bed and board on the ground of alleged extreme cruelty of the defendant, cannot, during the pendency of such a suit, be held to be an obstinate desertion, nor can part or the whole of the period of the pendency of such suit be computed as part of period of desertion in a subsequent suit between the same parties for divorce on the ground of desertion. If the wife, pending her suit charging her husband with extreme cruelty, continued to cohabit with him, she would prejudice her suit. Her absence is therefore not obstinate but justifiable. In such case it is of no significance whether she succeeds or fails in her suit." In the same case it was held: "It is essential that the wife's suit be a true presentation of what she believes to be an actual grievance. If it be shown that it was in truth based on allegations of fact which she personally knew to be false, it is a fraud on the court, on the law and on the defendant attacked by it, and its pendency is no defense to a subsequent suit for desertion by the husband." I do not find any proof in the case sub judice to warrant this court in determining Mrs. MeKee's New York suit to be other than a true presentation of what she believed to be an actual grievance. In McLaughlin v. McLaughlin, 90 N.J. Eq. 322,
Chancellor Walker held: "In a suit for divorce for desertion none of the time occupied by the pendency of a former proceeding for divorce by one of the parties against the other can be computed as part of the time of the desertion in the later *Page 5 
case; and this, whether the same party is petitioner in both cases or is petitioner in the later one and defendant in the prior one, or vice versa, provided the first suit was bonafide." See, also, Von Bernuth v. Von Bernuth, 76 N.J. Eq. 487,
and O'Brien v. O'Brien, 103 N.J. Eq. 214; affirmed,105 N.J. Eq. 250; 142 Atl. Rep. 900; affirmed, 147 Atl. Rep. 911.
The defendant's separation from her husband while proceedings at his instance were pending against her in this court does not constitute a willful desertion in contemplation of law. Desertion is a question of intention. It is the intent which constitutes the offense. Any circumstances which render it necessary or proper that she should reside elsewhere than with her husband is a valid defense to a charge of desertion. Marsh v. Marsh,14 N.J. Eq. 315. In the suit sub judice the burden is on the petitioner, in order to prove a willful and obstinate desertion, to show affirmatively that the defendant left of her own choice, against his will, and that she continued to stay away when it was her duty to return. And even if it were shown that the original separation was wrongful on the part of the defendant, yet the petitioner must show that he has sought, by proper steps, to bring about her return. Wood v. Wood, 63 N.J. Eq. 688.
Desertion cannot be considered as obstinate on the part of one, when the separation is acquiesced in by, and entirely satisfactory to, the other, who neither entertains nor manifests any desire that the separation, nor the causes which brought it about, should cease. Chipchase v. Chipchase, 48 N.J. Eq. 549.
The petitioner herein is obliged to sustain the burden of proof that his wife's separation from him during the period of the pendency of the New York suit — October, 1925, to January, 1927 — was obstinate upon her part within the purview of our Divorce act. I do not find from the proofs herein that such (obstinacy) may be regarded as the fact. As stated in Gordon v. Gordon,89 N.J. Eq. 535, he must prove his case — and all uncertainties of fact should be resolved against him. Aside from the fact that the petition herein was prematurely filed, and that the petitioner has failed to establish the burden cast upon him *Page 6 
of proving that the defendant willfully, continuedly and obstinately deserted him for a period of two years, the aforesaid "United Family Agreement" is strongly indicative that the wife had not obstinately deserted the petitioner within the purview of the law. She certainly did not keep herself aloof from him during the period of their separation. She met him on occasions when he expressed a desire to meet her, and he was thus afforded ample opportunity to manifest to her that he was sincerely desirous of having her return again to live with him. An unmistakable manifestation of affection and kindness to his wife and an indication to her of sorrow and repentance for alleviation of the grievances alleged by her, some of which, even though they may not in fact be matrimonial offenses, are corroborated by the daughter and other witnesses in the wife's behalf, would, in my judgment, have effected a reconciliation between the parties. Notwithstanding the great number of letters written by the petitioner to his wife, in many of which he invited his wife to return to live with him, it is manifest to me that a smack of insincerity permeated the entire activities of the petitioner. Throughout the several days of the hearing of the cause during which the petitioner testified I carefully observed his mannerism in testifying. He impressed me that his letter-writing, in so far as it contained requests for his wife to return to live with him, was the result of a studied purpose on his part — not really to have his wife return to live with him but to make evidence for himself. His keeping of copies of the letters which he wrote to his wife fortified my judgment in this respect. In estimating the sincerity of an appeal such as the petitioner made to his wife through a series of letters addressed to her by him, the court necessarily proceeds upon the theory quo animo, and in reaching any satisfactory conclusion as to his motives, the old adage that conduct speaks louder than words must needs play an important part. Popovics v. Popovics, 98 N.J. Eq. 350 (at p. 352). The "United Family Agreement" entered into between the parties evidences that a final separation was not contemplated when said agreement was signed. It expressly *Page 7 
provides that the petitioner and defendant shall meet together at least once in each six weeks with a view of re-establishing their marital relation. The defendant did not default therein. The concluding paragraph of said agreement reads: "This agreement shall have as its minimum duration July 1st, 1928." The instrument was prepared by the petitioner himself and should be construed most strongly against him. The law favors marriage and a continuation of the marriage relation. It does not favor divorce or separation. Rinehart v. Rinehart, 91 N.J. Eq. 354.
The petitioner's letter-writing was not the fairest means to utilize in an endeavor to impress upon his wife his sincere desire to have her become reunited with him in matrimonial relation. In many of the letters written to his wife he inquires whether she will return to live with him in a normal way. Such an invitation might reasonably be regarded as an affront to a woman of such gentle character as I judge the defendant to be, having in mind my observation of her and the manner in which she deported herself while she was in attendance at court, and while testifying as a witness in her own behalf.
I will advise a decree dismissing the petition.